1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9    GARRETT DANIEL EKMAN,                    CASE NO. 1:06-CV-00218-OWW-SMS-P

10                        Plaintiff,          ORDER DISMISSING ACTION AND
                                              DIRECTING THAT DISMISSAL COUNT AS
11         v.                                 A STRIKE UNDER 28 U.S.C. § 1915(G)

12   UNITED STATES GOVERNMENT, et al.,        (Doc. 1)

13                        Defendants.
                                         /
14

15         Plaintiff Garrett Daniel Ekman ("plaintiff"), a state prisoner proceeding pro se, filed this civil

16   rights action on February 27, 2006, pursuant to 42 U.S.C. § 1983.  The basis for the lawsuit is

17   plaintiff's dissatisfaction with the handling of his cases in the United States District Court for the

18   Northern District of California.

19         On February 5, 2003, following plaintiff's conviction in San Mateo County, plaintiff filed

20   a petition for writ of habeas corpus in the Northern District.[1]  The petition is still pending, with the

21   most recent court order filed on March 6, 2006.  On June 17, 2004, plaintiff filed a civil rights action

22   pursuant to 42 U.S.C. § 1983 in the Northern District.[2]  The action was dismissed on December 1,

23   2005, pursuant to plaintiff's notice of voluntary dismissal.  Plaintiff alleges in this action that he

24   dismissed the suit because the judge never "started" the suit.  On January 9, 2006, a new civil rights

25

26

27         [1] The Court takes judicial notice of the docket in Ekman v. People of the State of California, 5:03-cv-00517.

28         [2] The Court takes judicial notice of the docket in Ekman v. United States Government, 5:04-cv-02399.

1

Dockets.Justia.com

1  action was initiated by plaintiff in the Northern District.[3] Plaintiff alleges that the suit has not been

2  started and will not be started, and that he is being denied access to the courts.

3        Plaintiff asserts that he is unlawfully incarcerated. Challenges to a state court's incarceration

4  of a petitioner or the length of that incarceration are proper in a petition for writ of habeas corpus,

5  while challenges to the *conditions of prison life* are properly brought under 42 U.S.C. § 1983. See

6  McCarthy v. Bronson, 500 U.S. 136, 142, 111 S.Ct. 1737, 1741-1742 (1991); Preiser v. Rodriguez,

7  411 U.S. 475, 498-99 n.15, 93 S.Ct. 1827, 1840-1841 n.15 (1973); Advisory Committee Notes to

8  Rule 1 of the Rules Governing Section 2254 Cases. Plaintiff must challenge his conviction via a

9  petition for writ of habeas corpus. Plaintiff may not bypass this requirement and file a civil rights

10  suit because he believes the Northern District is not resolving his habeas case swiftly enough.

11        In addition to the complaint failing to state a claim upon which relief may be granted under

12  section 1983, the Court finds this action was filed in bad faith, and is frivolous and malicious.

13  Plaintiff's mal intent is evidenced by the relief he seeks, which includes, in relevant part, his release

14  from prison, the provision of a blank government check or money order, a Mercedes-Benz, drugs,

15  weapons, and ammunition. There can be no good faith basis for the relief requested by plaintiff in

16  this action.

17        Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(g), this action is

18  HEREBY DISMISSED, with prejudice, and shall count as a strike pursuant to section 1915(g).

19

20  IT IS SO ORDERED.

21  **Dated:    March 15, 2006**                    _/s/ Oliver W. Wanger_
    emm0d6                                                   UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28
     [3] The Court takes judicial notice of the docket in Ekman v. United States Government, 5:06-cv-00124.

2