# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRETT DANIEL EKMAN, | CASE NO. 1:06-CV-00218-OWW-SMS-P |
| Plaintiff, | ORDER DISMISSING ACTION AND DIRECTING THAT DISMISSAL COUNT AS A STRIKE UNDER 28 U.S.C. § 1915(G) |
| v. | |
| UNITED STATES GOVERNMENT, et al., | (Doc. 1) |
| Defendants. | |

Plaintiff Garrett Daniel Ekman ("plaintiff"), a state prisoner proceeding pro se, filed this civil rights action on February 27, 2006, pursuant to 42 U.S.C. § 1983. The basis for the lawsuit is plaintiff's dissatisfaction with the handling of his cases in the United States District Court for the Northern District of California.

On February 5, 2003, following plaintiff's conviction in San Mateo County, plaintiff filed a petition for writ of habeas corpus in the Northern District.[1] The petition is still pending, with the most recent court order filed on March 6, 2006. On June 17, 2004, plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983 in the Northern District.[2] The action was dismissed on December 1, 2005, pursuant to plaintiff's notice of voluntary dismissal. Plaintiff alleges in this action that he dismissed the suit because the judge never "started" the suit. On January 9, 2006, a new civil rights

---

[1] The Court takes judicial notice of the docket in Ekman v. People of the State of California, 5:03-cv-00517.

[2] The Court takes judicial notice of the docket in Ekman v. United States Government, 5:04-cv-02399.

1

action was initiated by plaintiff in the Northern District.[3] Plaintiff alleges that the suit has not been started and will not be started, and that he is being denied access to the courts.

Plaintiff asserts that he is unlawfully incarcerated. Challenges to a state court's incarceration of a petitioner or the length of that incarceration are proper in a petition for writ of habeas corpus, while challenges to the *conditions of prison life* are properly brought under 42 U.S.C. § 1983. See McCarthy v. Bronson, 500 U.S. 136, 142, 111 S.Ct. 1737, 1741-1742 (1991); Preiser v. Rodriguez, 411 U.S. 475, 498-99 n.15, 93 S.Ct. 1827, 1840-1841 n.15 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. Plaintiff must challenge his conviction via a petition for writ of habeas corpus. Plaintiff may not bypass this requirement and file a civil rights suit because he believes the Northern District is not resolving his habeas case swiftly enough.

In addition to the complaint failing to state a claim upon which relief may be granted under section 1983, the Court finds this action was filed in bad faith, and is frivolous and malicious. Plaintiff's mal intent is evidenced by the relief he seeks, which includes, in relevant part, his release from prison, the provision of a blank government check or money order, a Mercedes-Benz, drugs, weapons, and ammunition. There can be no good faith basis for the relief requested by plaintiff in this action.

Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(g), this action is HEREBY DISMISSED, with prejudice, and shall count as a strike pursuant to section 1915(g).

IT IS SO ORDERED.

**Dated:   March 15, 2006**             /s/ Oliver W. Wanger
emm0d6                                    UNITED STATES DISTRICT JUDGE

---

[3] The Court takes judicial notice of the docket in Ekman v. United States Government, 5:06-cv-00124.